# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBRA DENISE BROWN,**

    **Petitioner,**

  v.

**SHIRLEY ROGERS, et al.**

    **Respondents.**

**Case No. 1:99cv549**
**JUDGE MARBLEY**
**Magistrate Judge Preston Deavers**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Indiana but incarcerated and serving a life sentence in the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's motion to supplement the record, (ECF No. 115), Respondent's response in opposition, (ECF No. 122), and Petitioner's reply, (ECF No. 129.)  Also before the Court is Respondent's motion to set a briefing schedule, (ECF No. 114.)

    I.    Relevant Procedural History

This Court set forth the procedural history of this case in its March 30, 2015, Opinion and Order addressing procedural default and will not recount that history herein.  (*Opinion and Order*, ECF No. 113.)  For purposes of the instant motion, it is relevant to note that the death sentence that is the subject of these habeas proceedings was imposed on June 23, 1986, in Lake County, Indiana.  Petitioner and her co-defendant, Alton Coleman, were convicted and sentenced to death in separate proceedings for murdering a seven-year old girl and attempting to murder a nine-year old girl after sexually assaulting her.  *See State v. Brown*, 577 N.E.2d 221, 224-25 (1991).

1

On December 11, 1998, Petitioner initiated the instant proceedings by filing a notice of intent to file a habeas corpus petition, a motion to proceed in forma paupris, and a motion for the appointment of counsel. (Doc. # 1, 2.) This Court appointed Attorneys Ken Murray and Dennis McNamara to represent Petitioner. (Doc. # 11.) On March 16, 1999, this Court issued an Order denying Respondent's motion to transfer this case to the Northern District of Indiana, (Doc. # 12.)

On July 16, 1999, Petitioner filed her Petition for Writ of Habeas Corpus. (Doc. # 14.) On July 7, 2002, the Court issued an Order granting Petitioner's motion to hold the proceedings in abeyance while she pursued, pursuant to the Freedom of Information Act (FOIA), documents and other evidence in the possession of the FBI which, Petitioner argued, contained exculpatory or other favorable evidence bearing upon this case. (Doc. # 30.) On September 24, 2012, the Court appointed Attorney Carol Wright of the Federal Defender for the Southern District of Ohio to serve as substitute counsel for Attorney McNamara. (ECF. No. 74.) On June 7, 2013, the Court granted Respondent's unopposed motion to lift the stay of these proceedings, and on April 9, 2014, Petitioner filed an Amended Petition for Writ of Habeas Corpus setting forth thirteen grounds for relief. On March 30, 2015, the Court issued an Opinion and Order dismissing Petitioner's fourth and eleventh grounds for relief, as well as part D of her ninth ground for relief, on the basis of procedural default, and also finding that Petitioner voluntarily withdrew her twelfth ground for relief. (*Opinion and Order*, ECF No. 113.) This matter is now before the Court on Petitioner's motion to supplement the record pursuant to Rule 7 of the Rules Governing 28 U.S.C. § 2254 Cases. (ECF No. 115.)

II.     Motion to Expand the Record

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition." *Rules*

*Governing § 2254 Cases, 28 U.S.C. § 2254 (2010).* "The decision of whether to expand the record, however, is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008); *see also Landrum v. Mitchell*, 625 F.3d 905, 923-24 (6th Cir. 2010); *Jamison v. Collins*, 291 F.3d 380, 387 (6th Cir. 2002).

Here, Petitioner seeks to expand the record to include the Affidavit of retired FBI Special Agent Ron Walker, the trial transcripts from co-defendant Alton Coleman's separate trial proceedings, and certain records obtained by Petitioner through the FOIA litigation. (ECF No. 115, at PageID 7915.) Petitioner argues that the materials at issue are relevant to her claims of ineffective assistance of trial counsel, *Brady* violations by the State, and the lack of due process and fairness in the state court proceedings. Generally speaking, Petitioner contends that the documents she seeks to add would have supported her defense at trial that co-defendant Alton Coleman controlled every facet of Petitioner's life. (ECF No. 115, at PageID 7919-20.)

The relevancy of the materials Petitioner seeks to add does not appear to be in dispute, and the Court is satisfied that the materials Petitioner seeks to add are relevant to the claims set forth in the Amended Petition. Rather, Respondent argues that this Court should not permit Petitioner to expand the record with Exhibits 1 and 2 – the Walker Affidavit and the transcript of Coleman's trial – because those materials were available to Petitioner at the time of her state court proceedings but were not presented to the state courts. Respondent contends that because the materials were available to Petitioner but were not presented, Petitioner cannot satisfy the restrictions on the admission of new evidence found in 28 U.S.C. § 2254(e)(2) and *Cullen v. Pinholster*, 563 U.S. 170 (2011). Respondent also maintains that "Brown fails to proffer any theory under which this Court could consider this evidence in reviewing her *Brady* claim." (ECF No. 122, at PageID 16531.) With respect to Exhibit 3, which consists of the documents obtained

3

as part of the FOIA litigation, Respondent argues that this Court should defer its decision as to whether it should expand the record until such time that the Court is prepared to issue a merits ruling on Petitioner's *Brady* claims.   According to Respondent, "Perhaps, if this Court determines that the state court decision is not entitled to deference under 28 U.S.C. § 2254(d), the FOIA documents would be admissible for this Court's *de novo* review of the issue.   However, this determination can only be made after the claim is fully briefed on its merits, which has not yet occurred."   (ECF No. 122, at PageID 16531-32.)

      The United States Supreme Court has held that where a state court decided a claim on the merits, the record on federal review is limited to the same evidence that was before the state court. *Cullen v. Pinholster*, 563 U.S. at 183 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.")   Although *Pinholster* stands for the proposition that a federal court's review under 28 U.S.C. § 2254(d)(1) of claims adjudicated on the merits in state court is limited to the factual record that was before the state court, this Court may still elect to expand the record for other limited purposes not pertaining to the resolution of the merits of Petitioner's claims.   The Sixth Circuit has noted that "expansion of the record does not necessarily require that the district court consider that evidence in evaluating the merits of the habeas claim."   *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013) (finding expansion of the record can assist the district court in deciding issues other than the merits, such as whether a petitioner has met the diligence requirements of § 2254(e)(2) for claims not adjudicated on the merits by the state court).   *See also Cunningham v. Hudson*, 756 F.3d 477, 487 n.4 (6th Cir. 2014) ("*Pinholster* does not preclude a district court's consideration of documents initially obtained in federal discovery for purposes of ruling on an abeyance motion.");   *Sanders v. White*, No. 03-455-ART, 2015 WL 4394169, at *11

4

(E.D. Ky. July 15, 2015) (court may consider "new" evidence in determining whether cause and prejudice exists to excuse procedural default of claims); *Gordon v. Turner*, No. 5:13-CV-251, 2015 WL 3969689, at *7 (N.D. Ohio June 30, 2015) (permitting expansion of the record for limited purpose of determining timeliness of petition and applicability of equitable tolling); *Jackson v. Warden, Lebanon Corr. Inst.*, 3:13-CV-347, 2014 WL 3899292, at *3 (S.D. Ohio, Aug. 11, 2014) (granting expansion of the record with documents and noting that "[u]nder *Pinholster*, they cannot be considered in deciding the question presented by 28 U.S.C § 2254(d)(1), but the Court can consider them in determining whether Jackson has met the *Schlup* gateway innocence standard"); *Conway v. Houk*, No. 2:07-CV-947, 2011 WL 249491, at *2 (S.D. Ohio Jan. 26, 2011) (analyzing motion to expand the record in terms of "whether the materials that Petitioner seeks to add to the record would assist the Court in determining whether an evidentiary hearing might be warranted"); *Hughbanks v. Hudson*, No. 1:07-CV-111, 2009 WL 2916903, at *3 (S.D. Ohio Sept. 3, 2009) ("The record remains expanded by the discovery material submitted by Petitioner only for the limited purpose of determining whether an evidentiary hearing should be granted"); *Keenan v. Bagley*, No. 1:01-CV-2139, 2008 WL 4372688, at *2 (N.D. Ohio Sept. 22, 2008) (granting motion to expand the record for limited purpose of determining whether petitioner had exercised diligence in developing the factual record in state court, but "reserv[ing] the right to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claim").

Here, Respondent suggests that the Court defer ruling on Petitioner's motion to expand the record until the Court determines whether Petitioner's *Brady* claims should be considered *de novo*. However, the Court sees no reason to delay its decision on whether the record should be expanded in this case. The decision to expand the record is separate and distinct from any decision regarding the Court's use of the information. The Court is satisfied that the materials Petitioner

5

seeks to add to the record are relevant to Petitioner's first, second and third grounds for relief and may assist the Court in adjudicating those claims.   Accordingly, the Court hereby **GRANTS** Petitioner's motion to expand the record, ECF No. 115, with Exhibits 1 through 3.   In so holding, the Court notes that nothing in this Order should be construed as guaranteeing that this Court will be able to fully consider the evidence that Petitioner seeks to add.   Whether or to what extent this Court ultimately will be able to consider evidence that the state courts did not have continues to be governed by *Cullen v. Pinholster* and its admonition that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claims on the merits.

### III.   Motion to Set Briefing Schedule

Also before the Court is Respondent's motion to set a briefing schedule, (ECF No. 114.) As stated in her unopposed motion for an extension of time to respond to Respondent's motion to set a briefing schedule, Petitioner believes a briefing schedule is appropriate.   (ECF No. 124.)

The Court hereby **GRANTS** Respondent's motion to set a briefing schedule, (ECF No. 114.)   Although the Court previously granted Petitioner additional time to respond to Respondent's motion, the Court now directs the parties to jointly file a proposed briefing schedule for the Court's consideration.   The parties shall file the proposed briefing schedule within fourteen (14) days of the issuance of this Order.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to expand the record (ECF No. 115.)   Furthermore, the Court **GRANTS** Respondent's motion to set a briefing

schedule, (ECF No. 114), and **ORDERS** to parties to file a proposed briefing schedule within fourteen (14) days of the issuance of this Order.

    **IT IS SO ORDERED.**

                                                                                                                _s/Algenon L. Marbley_
                                                          **ALGENON L. MARBLEY**
                                                          **United States District Judge**

**Date:   March 14, 2016**