IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBRA DENISE BROWN,**

   **Petitioner,**          Case No. 1:99cv549
 v.                 **JUDGE MARBLEY**
                    **Magistrate Judge Preston Deavers**
**WANZA JACKSON, et al.**

   **Respondents.**

## OPINION AND ORDER

   Petitioner, a prisoner sentenced to death by the State of Indiana but incarcerated and serving a life sentence in the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion requesting authorization for federal habeas counsel to appear and conduct state court *Atkins* litigation challenging her eligibility to be executed. (ECF No. 145.) Specifically, Petitioner requests "authorization for habeas counsel to file a Successive Post-Conviction Relief Rule 1 Petition Form and a proposed successive petition for post-conviction relief with the Clerk of the Indiana Supreme Court, and to represent Brown in any state court proceedings relating to the disposition of the petition." (*Id*. at PAGEID # 17350.) Respondent did not file a memorandum in opposition.

   This Court originally appointed counsel to represent Petitioner in these habeas proceedings pursuant to 21 U.S.C. § 848(q)(4)(B), which is now recodified at 18 U.S.C. § 3599(a)(2). On February 9, 1999, the Court appointed Attorneys Ken Murray and Dennis McNamara to serve as counsel for Petitioner. (Doc. # 11.) On September 24, 2012, the Court permitted Attorney McNamara to withdraw from the case and appointed Assistant Federal Public Defender Carol Wright to serve as co-counsel. (ECF No. 74.)

1

On March 27, 2017, this Court granted Petitioner's unopposed motion for leave to file a Second Amended Petition, and Petitioner's motion to stay these proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), in order for Petitioner to return to the Indiana state courts to exhaust a claim that she is ineligible for the death penalty on the basis of Intellectual Disability pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 134 S. Ct. 1986 (2014). (ECF No. 141.) In a motion filed April 20, 2017, Petitioner asks this Court to appoint her federal habeas counsel to represent her in those state-court proceedings. (ECF No. 145.) Arguing that they are well acquainted with the issues that need to be litigated and arguing counsel wish to avoid any "disruption of the attorney/client relationship, and unwarranted delay by lack of continuity of counsel," Attorneys Murray and Wright seek to have this Court expand the scope of their federal appointments to include the preparation and litigation of the second state postconviction petition. (*Id.*, at PAGEID # 17354.)

The issue before the Court is whether 18 U.S.C. § 3599 authorizes the expansion of habeas counsel's appointment so they may represent Petitioner in a state-court *Atkins* postconviction proceeding. Section 3599(a)(2) authorizes the Court to appoint "one or more attorneys" to represent a defendant attacking a state sentence of death in federal habeas proceedings, and § 3599(e) describes the scope of that appointment as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that § 3599(e)'s reference to "proceedings for executive or other clemency as may be available to the defendant" encompasses state clemency proceedings. The Supreme Court rejected arguments that the statute was intended to furnish representation in only federal proceedings but made clear that counsel's representation pursuant to the statute includes only those proceedings transpiring "subsequent" to his or her appointment. *Id*. at 188. The Supreme Court also rejected the Government's argument that the Court's interpretation of the statute would require a lawyer who succeeded in setting aside a death sentence during postconviction proceedings to represent that client during an ensuing state retrial, opining that "[w]hen a retrial occurs after postconviction relief, it is not properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Id*. at 189. With respect to state postconviction proceedings, the Court noted that "[p]etitioners must exhaust their claims in state court before seeking federal habeas relief, and the fact that state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner failed to exhaust does not change the order of proceedings contemplated by the statute." *Id*. at 189-90 (internal citation omitted). However, the Court offered an exception to its holding, and observed in a footnote that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim [in the state courts] in the course of her federal habeas representation." *Id*. at 190, n.7.

In *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2009), the Sixth Circuit applied *Harbison* to deny a habeas petitioner's request to expand his counsel's representation to include a state postconviction proceeding where state law provided for the appointment of counsel. In so doing, the Sixth Circuit affirmed a Tennessee district court's decision authorizing habeas counsel to represent the petitioner in his clemency proceedings, but denying his request for counsel to also represent him in

3

his postconviction and competency to be executed proceedings in state court. *Id*. at 291. In so ruling, the Court noted that "Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds." *Id*. at 292. Furthermore, the Court determined that "even if § 3599 would otherwise apply to Irick's state post-conviction proceedings, he would not be eligible for federal funding because state law affords him adequate representation." *Id*. *See also Conway v. Houk*, No. 3:07cv345 (S.D. Ohio July 8, 2015) (ECF No. 219, PAGEID # 15605) (finding in light of *Harbison* and *Irick*, a federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state post-conviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation").

In *Hill v. Mitchell*, No. 1:98cv452, 2009 WL 2898812 (S.D. Ohio Sept. 4, 2009), cited approvingly in *Irick*, Chief Judge Edmund Sargus of this Court was presented with a request similar to Petitioner's in this case – namely, whether the petitioner was entitled to an expansion of habeas counsel's representation so that counsel could return to the Ohio state courts to pursue *Atkins* postconviction proceedings. In that case, the court denied the petitioner's request because the State of Ohio provides a statutory right to counsel in an *Atkins* postconviction proceeding, pursuant to § 2953.21 of the Ohio Revised Code, which provides that "[i]f a person sentenced to death intends to file a petition under this section, the court shall appoint counsel to represent the person upon a finding that the person is indigent" and "[t]he court may decline to appoint counsel for the person only upon a finding, after a hearing if necessary, that the person rejects the appointment of counsel and understands the legal consequences of that decision or upon a finding

4

that the person is not indigent." O.R.C. § 2953.21(J)(1). Specifically, the court held:

> This Court cannot utilize § 3599(e) to authorize federal habeas counsel to represent Petitioner in any state-court *Atkins* proceeding because state law already provides for the appointment of counsel for an *Atkins* hearing. Section 3599 limits those eligible for the appointment of federally funded counsel to death-sentenced defendants who are or become financially unable to obtain adequate representation. As this Court noted earlier, in laying out the factual and procedural history, the Supreme Court in *Harbison* specifically noted that Tennessee state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency. Subsequently in its decision, the Supreme Court stated more forcefully that "subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation.

*Hill*, 2009 WL 2898812, at *5 (internal citation omitted). In finding that "neither § 3599(e) nor the United States Supreme Court's *Harbison* decision authorizes this Court to extend federal funds to pay for that representation," the court rejected the petitioner's argument that habeas counsel should be permitted to represent him on the basis of their "trusted relationship" and familiarity with the case, and suggested habeas counsel "seek appointment in the state trial court." *Id*. at *6.

In the instant matter, the extent to which Petitioner is guaranteed counsel under Indiana law to pursue a postconviction *Atkins* claim is not as apparent as the Ohio scheme at issue in *Hill*. Petitioner seeks to return to the Indiana state courts in order to argue, for the first time, that she is categorically ineligible for the death penalty pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 134 S. Ct. 1986 (2014), because she suffers from Intellectual Disability ("ID"). At the time of Petitioner's trial, state and federal law permitted the imposition of the death penalty for intellectually disabled persons, and the Supreme Court did not decide *Atkins* until after Petitioner had completed her pursuit of postconviction relief and had already initiated the instant habeas proceedings in this Court.

As Petitioner points out, the Indiana process for filing a second or successive petition for postconviction relief is set forth in Indiana Post-Conviction Rule 1(12)(a), which directs Petitioner

5

to file a Successive Post-Conviction Relief Rule 1 Petition Form and the proposed successive petition directly with the Clerk of the Indiana Supreme Court.  If Petitioner establishes a "reasonable probability" that she is entitled to postconviction relief, the court will authorize the filing of the petition and Petitioner will be "referred to the State Public Defender, who *may* represent the petitioner as provided in Section 9(a) of this Rule."  Ind. Post-Conviction Rule 1(12)(c).  Section 9(a) is of particular importance, and provides:

> 9a)  Upon receiving a copy of the petition, including an affidavit of indigency, from the clerk of the court, the Public Defender may represent any petitioner committed to the Indiana Department of Correction in all proceedings under this Rule, including appeal, if the Public Defender determines the proceedings are meritorious and in the interests of justice.  The Public Defender may refuse representation in any case where the conviction or sentence being challenged has no present penal consequences.  Petitioner retains the right to employ his own counsel or to proceed pro se, but the Court is not required to appoint counsel for a petitioner other than the Public Defender.

Ind. Post-Conviction Rule 1(9)(a).

Citing Section 9(a), Petitioner argues that Post-Conviction Rule 1 only provides for the appointment of the Indiana State Public Defender's Office ("ISPD") as counsel for Petitioner, but in this case, that office has a conflict of interest that would prevent it from representing Petitioner, because the office previously represented Petitioner's co-defendant, Alton Coleman.  According to Petitioner:

> Brown intends to file a Successive Post-Conviction Relief Rule 1 Petition Form and a proposed successive petition for post-conviction relief with the Clerk of the Indiana Supreme Court, pursuant to Indiana Post-Conviction Rule 1(12)(a). Once the court authorizes the petition, ordinarily the State Public Defender "may represent the petitioner[.]"  Ind. Post-Conviction Rule 1(12)(c).  But in this case, the Indiana State Public Defender represented Brown's co-defendant, Alton Coleman, and therefore would be conflicted from representing Petitioner. (Exhibit A, Affidavit of Stephen T. Owens.)  It was because of this same conflict that Attorney Ken Murray moved for pro hac vice admission in Indiana to represent Debra Brown in her state post-conviction proceedings in 1993.  There is no requirement for the Indiana courts to appoint any counsel other than the State

6

> Public Defender. See Ind. Post-Conviction Rule 1(9)(a) (explaining that "the court is not required to appoint counsel for a petitioner other than the Public Defender"). Because Brown will not receive adequate representation in state court with respect to her successive post-conviction petition, the federal courts may provide her with counsel to litigate her claims.

(ECF No. 145, at PAGEID # 17352.) In support of her argument, Petitioner attaches the "Declaration of Stephen T. Owens," the current Indiana State Public Defender. Mr. Owens states that "[i]f the Supreme Court of Indiana grants permission to file a second or successor post-conviction petition in a capital case, the applicable Court rules and procedure require that the ISPD be appointed if the petitioner is indigent and does not have retained counsel or has not sought to proceed pro se." (ECF No. 145-1, at PAGEID # 17358, ¶2.) Mr. Owens notes that the ISPD represented Petitioner's co-defendant, and "[g]iven the ISPDs representation of Alton Coleman, I have determined that representing Ms. Brown in her Indiana second or successor post-conviction proceedings would constitute a conflict of interest." (*Id*. at PAGEID # 17358, ¶5.) Mr. Owens concludes by stating:

> 6. If the Supreme Court of Indiana consults with me regarding a second or successor petition for post-conviction relief filed on behalf of Debra Denise Brown, it is my intention to inform the court of ISPD's conflict and appoint her current federal habeas counsel, Ken Murray, to represent Ms. Brown.

(*Id*. at PAGEID # 17359, at ¶6.)

The Court finds the latter portion of Mr. Owens's affidavit, that he intends to "inform the court of ISPD's conflict and appoint her current federal habeas counsel" to be vague. It is unclear to the Court the procedure for requesting appointment of Attorney Murray to the case, but the declaration of Mr. Owens appears to suggest that there is a state law mechanism for funding or appointing counsel other than the Indiana Public Defender's Office in the event of a conflict of interest. Indeed, this Court finds it hard to believe that Petitioner would be abandoned and left to

7

navigate the postconviction process on her own based solely on the fact that the Indiana Public Defender's Office represented Alton Coleman decades ago.

Based on the foregoing, the Court is unable to conclude that due to a conflict of interest that is outside of her control, Petitioner will be wholly without counsel as she pursues *Atkins* litigation in state court.  Accordingly, the Court **DENIES** Petitioner's request to expand the appointment of her habeas counsel, ECF No. 145, **SUBJECT TO RECONSIDERATION** if and when it becomes apparent that the state court will not provide her with adequate counsel.  Although this Court finds compelling Petitioner's arguments that her current habeas counsel are in the best position to pursue the *Atkins* litigation due to their relationship with Petitioner, this Court is simply without authority to expand their representation of Petitioner if state law provides adequate counsel.  As the courts did in both *Irick* and *Hill*, this Court suggests that counsel seek state funds for their representation of Petitioner, as this Court is not authorized to expand their representation of Petitioner absent a clearer indication that she would be without counsel.

**IT IS SO ORDERED.**

                                      __s/Algenon L. Marbley__
                                      **ALGENON L. MARBLEY**
                                      **United States District Judge**

**Date:   September 18, 2017**