# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBRA DENISE BROWN,**

        **Petitioner,**        Case No. 1:99cv549

v.        **JUDGE ALGENON L. MARBLEY**
       **Magistrate Judge Elizabeth P. Deavers**

**WANZA JACKSON, et al.**

        **Respondents.**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Indiana but incarcerated and serving a life sentence in the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's renewed motion requesting authorization for her habeas co-counsel from the Office of the Federal Public Defender to assist in her state court *Atkins* litigation challenging her eligibility to be executed on the basis of Intellectual Disability. (ECF No. 169.) Respondent did not file a memorandum in opposition.

This Court originally appointed counsel to represent Petitioner in these habeas proceedings pursuant to 21 U.S.C. § 848(q)(4)(B), which is now recodified at 18 U.S.C. § 3599(a)(2). On February 9, 1999, the Court appointed Attorneys Ken Murray and Dennis McNamara to serve as counsel for Petitioner. (Doc. # 11.) On September 24, 2012, the Court permitted Attorney McNamara to withdraw from the case and appointed Assistant Federal Public Defender Carol Wright to serve as co-counsel. (ECF No. 74.) In a notice filed on August 1, 2018, Attorney Wright gave notice of her withdrawal as co-counsel, stating that Attorney Ken Murray will remain as Lead Counsel and Attorneys Justin Thompson and Adam Rusnak from the Federal Public Defender's Office will remain as co-counsel. (ECF No. 171, at PAGEID # 17444.)

On March 27, 2017, this Court granted Petitioner's unopposed motion for leave to file a Second Amended Petition, and Petitioner's motion to stay these proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), in order for Petitioner to return to the Indiana state courts to exhaust a claim that she is ineligible for the death penalty on the basis of Intellectual Disability pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 572 U.S. 701 (2014). (ECF No. 141.) In a motion filed April 20, 2017, Petitioner asked this Court to appoint her federal habeas counsel to represent her in those state-court proceedings. (ECF No. 145.) The Court denied Petitioner's request, subject to reconsideration, on the basis that the Court lacked authority to expand the scope of habeas counsel's representation if the state courts provide Petitioner with counsel. (ECF No. 158.)

In her renewed motion, Petitioner states that the Indiana Supreme Court can only appoint the Office of the Indiana Pubic Defender ("IPD") to represent individuals filing a successor or second petition for post-conviction relief in capital cases. (ECF No. 169, at PAGEID # 17429.) Here, the IPD is unable to represent Petitioner because it previously represented her co-defendant, Alton Coleman. (*Id.*) According to Petitioner, the IPD has asked Kenneth Murray, Petitioner's longtime attorney and lead counsel in this habeas case, to represent Petitioner in the state-court proceedings. Petitioner notes that "[i]n subsequent communications with Attorney Murray, the IPD informed him that although it may be able to pay for Brown's four experts, a mitigation specialist, and a paralegal, it could not provide funding for any other attorneys to assist Attorney Murray in litigating Brown's case." (*Id.* at PAGEID # 17430.)

According to Petitioner, the state court *Atkins* litigation will require extensive time and effort to review records, meet with experts, prepare witnesses, draft and submit pleadings, and litigate the proceedings in state court. Petitioner asserts:

2

> "[L]ay witnesses located in Illinois and Indiana will need to be interviewed and prepared to testify. Any post-conviction proceedings, if granted, will be held in Lake County, Indiana, while Attorney Murray resides in Phoenix, Arizona, and the historic files in Brown's case are maintained by the Federal Public Defender for the Southern District of Ohio in Columbus, Ohio. Given the extensive work required to prepare for and litigate Brown's post-conviction case, the wide geographic spread of her witnesses and materials, the extensive travel involved, and the man-hours necessary to effectively litigate an *Atkins* claim for the first time in state court, representation by Attorney Murray alone is insufficient.

(*Id.* at PAGEID # 17430.) Based on this expected workload, Attorney Murray seeks authorization for co-counsel from the Federal Public Defender's Office, Southern District of Ohio, to assist him in the state court proceedings. (*Id.* at PAGEID # 17430-31.)

The issue before the Court is whether 18 U.S.C. § 3599 authorizes the expansion of habeas counsel's appointment so they may represent Petitioner in a state-court *Atkins* postconviction proceeding. Section 3599(a)(2) authorizes the Court to appoint "one or more attorneys" to represent a defendant attacking a state sentence of death in federal habeas proceedings, and § 3599(e) describes the scope of that appointment as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that § 3599(e)'s reference to "proceedings for executive or other clemency as may be available to the defendant" encompasses state clemency proceedings. The Supreme Court rejected arguments that the statute was intended to furnish representation in only federal proceedings but made clear that counsel's

3

representation pursuant to the statute includes only those proceedings transpiring "subsequent" to his or her appointment. *Id.* at 188. With respect to state postconviction proceedings, the Court noted that "[p]etitioners must exhaust their claims in state court before seeking federal habeas relief, and the fact that state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner failed to exhaust does not change the order of proceedings contemplated by the statute." *Id.* at 189-90 (internal citation omitted). However, the Court offered an exception to its holding, and observed in a footnote that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim [in the state courts] in the course of her federal habeas representation." *Id.* at 190, n.7.

In *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2009), the Sixth Circuit applied *Harbison* to deny a habeas petitioner's request to expand his counsel's representation to include a state postconviction proceeding where state law provided for the appointment of counsel. In so doing, the Sixth Circuit affirmed a Tennessee district court's decision authorizing habeas counsel to represent the petitioner in his clemency proceedings, but denying his request for counsel to represent him in his postconviction and competency to be executed proceedings in state court. *Id.* at 291. The Court determined that "even if § 3599 would otherwise apply to Irick's state post-conviction proceedings, he would not be eligible for federal funding because state law affords him adequate representation." *Id.* See also *Conway v. Houk*, No. 3:07cv345 (S.D. Ohio July 8, 2015) (ECF No. 219, PAGEID # 15605) (finding in light of *Harbison* and *Irick*, a federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state post-conviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation").

In this Court's Opinion and Order of September 18, 2017, denying Petitioner's request to expand the scope of habeas counsel's appointment, the Court cited Chief Judge Edmund Sargus's decision in *Hill v. Mitchell*, No. 1:98cv452, 2009 WL 2898812 (S.D. Ohio Sept. 4, 2009), which was cited approvingly in *Irick*. In *Hill*, the Court was presented with a request similar to Petitioner's in this case – namely, whether the petitioner was entitled to an expansion of habeas counsel's representation so that counsel could return to the Ohio state courts to pursue *Atkins* postconviction proceedings. In that case, the court denied the petitioner's request because the State of Ohio provides a statutory right to counsel in an *Atkins* postconviction proceeding, pursuant to § 2953.21 of the Ohio Revised Code. Specifically, Chief Judge Sargus held:

> This Court cannot utilize § 3599(e) to authorize federal habeas counsel to represent Petitioner in any state-court *Atkins* proceeding because state law already provides for the appointment of counsel for an *Atkins* hearing. Section 3599 limits those eligible for the appointment of federally funded counsel to death-sentenced defendants who are or become financially unable to obtain adequate representation. As this Court noted earlier, in laying out the factual and procedural history, the Supreme Court in *Harbison* specifically noted that Tennessee state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency. Subsequently in its decision, the Supreme Court stated more forcefully that 'subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation.'

*Hill*, 2009 WL 2898812, at *5 (internal citation omitted).

In the instant matter, and at the time Petitioner first filed to expand the scope of habeas counsel's appointment, the extent to which Petitioner would be guaranteed counsel under Indiana law to pursue a postconviction *Atkins* claim was not as apparent as the Ohio scheme at issue in *Hill*. This Court denied Petitioner's request, subject to reconsideration at a later date, if it became apparent that the State of Indiana would not provide Petitioner with "adequate" counsel. (ECF No. 158, at PAGEID # 17395.) In the renewed motion, Petitioner seizes upon this Court's use of the word "adequate", arguing that "[a]s this court has recognized, if state law does not provide

5

adequate counsel, then this Court is authorized to expand the representation provided by Brown's assistant federal defenders." (ECF No. 169, at PAGEID # 17431.) Petitioner contends that "[t]o ask Attorney Murray to represent Brown alone throughout her *Atkins* proceedings, unaided by any co-counsel, is to deny Brown adequate and necessary representation at this most critical stage in the post-conviction process." (*Id.* at PAGEID # 17432.)

In the context of reviewing a request for the expansion of federal habeas counsel's appointment, this Court does not interpret "adequate" as necessitating quantity, but rather as a requirement of competency and knowledge concerning death penalty litigation. Here, it is apparent that the state courts, through the Indiana Public Defender's Office, have taken necessary steps to ensure that Petitioner has highly qualified counsel to represent her in the state court *Atkins* proceedings. Arrangements have been made for Attorney Murray, Petitioner's longtime habeas counsel, to represent her before the Indiana state courts, ensuring continuity of counsel and familiarity with the case. Furthermore, additional arrangements have been made for Petitioner and Mr. Murray to receive the assistance of a paralegal, four experts and a mitigation specialist. (ECF No. 169, at PAGEID # 17430.) While it may prove beneficial for Petitioner to have the assistance of multiple attorneys, this Court simply cannot conclude that the state courts have not provided Petitioner with adequate representation. Accordingly, the Court **DENIES** Petitioner's request to expand the scope of habeas co-counsel's appointment to encompass the state court litigation. (ECF No. 169.)

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge

Date: Oct. 31, 2018